(No. 1604—

BATES VALVE BAG CORPORATION, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1932.*

BROWN, HAY & STEPHENS, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Opinion written by Mr. JUSTICE THOMAS:

The Bates Valve Bag Corporation, a Delaware Corporation, was incorporated under the laws of the State of Delaware, on June 9, 1927, and admitted to do business in the State of Illinois, as a foreign corporation on July 5, 1927. On or about March 7, 1929, all of the property and assets of the said Bates Valve Bag Corporation, of Delaware were purchased by Bates Valve Bag Corporation, a corporation incorporated under the laws of the State of New Jersey, on February 28, 1929. Subsequent to said purchase on March 7, 1929, the said Bates Valve Bag Corporation, of Delaware, executed an affidavit of withdrawal as a foreign corporation from the State of Illinois, and filed the same with the Secretary of State of the State of Illinois, on March 25, 1929, which was accepted, and thereupon the Bates Valve Bag Corporation, of Delaware, ceased to possess a certificate of authority to do business in the State of Illinois. On March 5, 1929, the Bates Valve Bag Corporation, of New Jersey, filed an application for admission to do business in Illinois, as a foreign corporation, in the office of the Secretary of State,

and it was duly licensed to do business in the State of Illinois, on March 25, 1929. At that time it paid to the Secretary of State, the sum of $1,430.37, as an initial fee, and the sum of $1,907.16, as a franchise tax. The franchise tax was for the balance of the year ending June 30, 1929 and the full period of the year beginning July 1, 1929, and ending June 30, 1930, this franchise tax being a tax equal to one and one-third the annual franchise tax due from it for the privilege of doing business in Illinois.

On May 18, 1929, and again on June 1, 1929, the Secretary of State, sent out notices to the Bates Valve Bag Corporation, at the former Illinois address, of the Bates Valve Bag Corporation, of Delaware, notifying it that it had not paids its franchise tax of $901.74, based upon its annual report filed with the Secretary of State on February 21, 1929, prior to its withdrawal from doing business in Illinois. The notices sent out by the Secretary of State, was received by the Bates Valve Bag Corporation, of New Jersey. The officials of the Bates Valve Bag Corporation, of New Jersey, on receiving the notices issued a check for $901.74, in payment of the franchise tax, and sent it to Secretary of State, of Illinois. The mistake was not discovered by the Bates Valve Bag Corporation, of New Jersey, until the books of the corporation were audited several months thereafter, and until after the Secretary of State of Illinois, had turned the money over to the State Treasurer.

It is admitted by the Attorney General for the State, that at the time the Secretary of State sent out the notices to the Bates Valve Bag Corporation, for the payment of the franchise tax, that there was no franchise tax due or owing to the State of Illinois, from the Bates Valve Bag Corporation, of Delaware or the Bates Valve Bag Corporation, of New Jersey, and that if the Secretary of State had not made the mistake of the first instance by sending out the notices to the Bates Valve Bag Corporation, when there was no franchise tax due and owing, the $901.74 would not have been paid by the Complainant. The Attorney General, in his argument admits that the payment of $901.74 made by the Claimant was a mistake of fact, and recommends that Claimant be awarded a refund of the corporate franchise tax of $901.74. Therefore, on the recommendation of the Attorney General an award of $901.74 is allowed claimant.